**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHERMAN MACK,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-4012** |
| | : | |
| **JOHN TERRA, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**YOUNGE, J.** **August 6, 2026**

Plaintiff Sherman Mack, a self-represented litigant currently incarcerated at SCI Smithfield, filed this civil action against John Terra and two unidentified correctional officers at SCI Phoenix, where Mack was previously incarcerated, seeking reimbursement for lost property. For the following reasons, the Court will dismiss Mack's Complaint (ECF No. 1 ("Compl.")).

## I. FACTUAL ALLEGATIONS[1]

Mack alleges that between June 10, 2024 and March 14, 2025, the Defendants "negligently lost or misplaced" his personal property and/or caused his property to "be lost or stolen with no reimbursement." (Compl. at 2.) He filed grievances about the lost property, which were denied, as were his appeals. (*Id.* at 3.) He brings due process claims pursuant to 42 U.S.C. § 1983, as well as tort claims under Pennsylvania law, seeking reimbursement for the property he lost. (*See id.* at 2-3 (citing the Fourteenth Amendment and 42 Pa. Cons. Stat. § 8522).)

[1] The following allegations are taken from the Complaint (ECF No. 1), and the exhibits Mack submitted with his Complaint (ECF No. 3). The Court adopts the pagination supplied by the CM/ECF docketing system.

Mack does not describe the lost property in his Complaint, nor does he describe the Defendants' roles in the events giving rise to his claims. He did, however, file approximately ninety-five pages of exhibits with his Complaint. (ECF No. 3.) Among those exhibits are grievance materials reflecting Mack's allegations that: E-cigarettes were taken from him following a cell search on May 30, 2024; he did not receive certain of his food and his E-cigarettes when he was released from the RHU in July 2024; he did not regularly receive a "confiscation slip" for items taken from him; officers destroyed certain of his property during a cell search on August 14, 2024; officers took twenty-three E-cigarettes from him following a cell search on October 16, 2024; and officers took three pairs of glasses from him when he was packing his property on February 26, 2025. (*Id.* at 2-10, 23-30, 43-49, 55-61, 69-75, 80, 82-90.) The exhibits reflect that his grievances and appeals were denied. (*Id.*) Mack also included copies of assorted receipts, account statements reflecting deductions for commissary and other purchases, and property inventories in support of his lost property claims. (*Id.* at 12-16, 19, 31-39, 40-41, 50-53, 62-67, 76-78, 81, 91-95.) Mack also provided a copy of a response to a request for records under the Pennsylvania Right-to-Know Law dated September 13, 2023, which explained that the "maximum amount of E-cigarettes that an inmate can have in total is no more than 17" and notes that the permissible number of E-cigarettes "also depends on the amount of other commissary items . . . purchased as the total cannot exceed $101.27." (*Id.* at 16, 79.) A response he received to one of his grievances, which is dated November 27, 2024, stated that "[t]he new rule is [E-cigarettes] have to be turned in one for one" and that "[t]he amount was always 8 and never 17." (*Id.* at 72.)

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil

action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). Another provision of the PLRA requires the Court, whether on its own or pursuant to a motion, to "dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). Whether a complaint states a claim requires the Court to consider whether the complaint presents "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245). This includes compliance with Federal Rule of Civil Procedure 8, which requires that the pleading contain a "short and plain statement showing that the pleader is entitled

to relief," accompanied by a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In meeting Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (citation omitted). The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94 (citations omitted). Furthermore, the Court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

## III. DISCUSSION

### A. Due Process Claims

Mack brings due process claims pursuant to 42 U.S.C. § 1983 based on the loss and/or confiscation of his property. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must describe how each defendant was personally involved in the alleged constitutional violations to state a claim against that defendant. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (noting that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable). The plaintiff must show a plausible entitlement to relief by alleging facts, rather than relying solely on exhibits to plead a plausible

claim. *See Bressi v. Northumberland Cnty., Child. & Youth Servs.*, No. 23-2156, 2023 WL 8866573, at *2 (3d Cir. Dec. 22, 2023) (*per curiam*) ("[A] District Court is not obligated to discern claims from exhibits attached to a complaint."); *Est. of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint." (citations and quotations omitted)).

Mack's Complaint is sparse; it relies solely on exhibits to provide the factual basis for his claims. He does not allege facts in the Complaint describing the property in question, the circumstances surrounding the deprivation of that property, nor how each of the named Defendants were responsible for the alleged violation of his rights. Regardless, his Complaint suffers from a more fundamental defect: even taking into account the property losses described in his grievances, there is no basis for a constitutional claim here. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Further, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), and a correctional facility's grievance procedure provides an adequate postdeprivation remedy for intentional deprivations of property by correctional employees, *Tillman v. Lebanon Cnty. Corr. Facility,* 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison grievance system provides adequate post-deprivation remedy); *see also Mbewe v. Delbalso*, No. 23-2054, 2024 WL 510500, at *3 (3d Cir. Feb. 9, 2024) (*per curiam*) (affirming dismissal of due process claim: "The prison grievance procedure provides an adequate post-deprivation remedy, and the existence of this post-deprivation remedy forecloses [plaintiff's] due process deprivation of property claim" (citation

omitted)); *Ransome v. Longstreth*, No. 23-1726, 2023 WL 6122139, at *2 (3d Cir. Sept. 19, 2023) (*per curiam*) (existence of prison grievance process precluded due process claim, even where prisoner alleged violations of the grievance policy). "Even if the prison grievance procedures could be considered constitutionally inadequate, Pennsylvania's state tort law would provide an adequate remedy." *Hernandez v. Corr. Emergency Response Team*, 771 F. App'x 143, 145 (3d Cir. 2019) (*per curiam*) (citing 42 Pa. Cons. Stat. Ann. § 8522(b)(3)); *see also Lawson v. Ferguson*, No. 22-2365, 2023 WL 2770820, at *3 n.3 (3d Cir. Apr. 4, 2023) (*per curiam*) ("Even if the prison's grievance procedures were inadequate to address Lawson's claims, state tort law could serve as an adequate post-deprivation remedy."). Accordingly, Mack cannot state a due process claim based on the deprivation of his property during his incarceration at SCI Phoenix.

**B. Tort Claims**

Mack also brings tort claims under Pennsylvania law based on the loss of his property. District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[2] 28 U.S.C. § 1332(a). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citations omitted). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386

---

[2] Since the Court dismissed Mack's federal claims at the statutory screening stage, it would be improper to exercise supplemental jurisdiction over any state claims.

F. App'x 308, 309 (3d Cir. 2010). Mack does not clearly plead the parties' citizenship, although it appears likely that he and at least one of the Defendants are Pennsylvania citizens, thus defeating complete diversity. Accordingly, the Court cannot exercise diversity jurisdiction over any state law claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint for failure to state a claim. Mack will not be granted leave to amend his due process claims because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). However, in an abundance of caution, the Court will permit him to amend his state law claims in the event he can plead a basis for diversity jurisdiction, meaning that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000. Alternatively, he may choose to refile those claims in state court, where federal jurisdiction will not be an issue.[3] An order follows.

**BY THE COURT:**

*/s/ John Milton Younge*

**JOHN M. YOUNGE, J.**

[3] Pennsylvania law provides a procedure for tolling the statute of limitations where "a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction," provided that the litigant complies with the provisions of the statute. *See* 42 Pa. Stat. and Cons. Stat. Ann. § 5103(b)