**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHERMAN MACK,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-4012** |
| | : | |
| **JOHN TERRA, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**YOUNGE, J.** **SEPTEMBER 25, 2026**

Currently before the Court is an Amended Complaint filed by Plaintiff Sherman Mack against various officials at SCI Phoenix, which asserts violations of Mack's constitutional rights based on the destruction of his property and handling of his related grievances. For the following reasons, the Court will dismiss Mack's Amended Complaint.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

Mack filed this civil action against John Terra, the Superintendent of SCI Phoenix, and two unidentified correctional officers based on allegations that "between June 10, 2024 and March 14, 2025, the Defendants 'negligently lost or misplaced' his personal property and/or caused his property to 'be lost or stolen with no reimbursement.'" *Mack v. Terra*, No. 26-4012, 2026 WL 2273111, at *1 (E.D. Pa. Aug. 6, 2026) (quoting Compl. at 2.) Upon screening pursuant to the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1), the Court dismissed Mack's Complaint, because he could not state a due process claim based on property loss and because he had not alleged an independent basis for the Court's jurisdiction

[1] The following allegations are taken from the Amended Complaint (ECF No. 17), and the docket for this case. The Court adopts the pagination supplied by the CM/ECF docketing system.

over any state tort claims. *Id.* at *3. Although the Court dismissed Mack's due process claim with prejudice, Mack was given leave to amend "in an abundance of caution" in the event he could allege a basis for the Court to exercise diversity jurisdiction over his tort claims. *Id.*

Mack returned with the pending Amended Complaint naming as Defendants Superintendent Terra, Chief Grievance Officer Kari Moore, and SCI Phoenix officers Lt. McCafferty, Lt. Wright, Lt. Hunter, Sgt. Major, Correctional Officer Blum, and Correctional Officer Harris.[2] (Am. Compl. at 1.) He contends that the Defendants destroyed his property and misrepresented "material facts" when responding to his grievances "in order to make their retaliatory case" against him. (*Id.* ¶ 1.) Specifically, Mack alleges that on May 31, 2024, Defendants Blum and Harris searched his cell, following which Mack was placed in administrative custody. (*Id.* ¶ 17.) It appears some of his property was lost and/or destroyed in connection with his transfer to a different unit. On June 6, 2024, Mack filed a grievance "with copies of his receipts in support of his lost property." (*Id.*) That grievance was denied, and Defendant Terra upheld the denial on appeal. (*Id.*) Mack appealed the grievance "to Final Decision," but his appeal was denied by Defendant Chief Grievance Officer Moore. (*Id.*) Mack alleges that the adverse decisions were "contrary to that of the supported records and receipts" that he provided. (*Id.*)

Mack filed a second grievance about lost property on August 1, 2024, which he again supported with receipts. (*Id.* ¶ 18.) That grievance was also denied at each level. (*Id.*) Mack alleges that "[a]ll of the Defendants[] provided false, misleading, and incomplete information

---

[2] In the body of the Amended Complaint, Mack also identifies the Pennsylvania Department of Corrections as a Defendant even though he did not list it in the caption. (Am. Compl. ¶ 7.) However, the Pennsylvania Department of Corrections ("DOC") is not a "person" subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-66 (1989); *Lavia v. Pa., Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000).

regarding [his] missing personal property." (*Id.* ¶ 19.) The Court understands him to be alleging that he adequately established his property loss through receipts and other evidence—including with respect to designer prescription eyeglasses and designer sunglasses he had purchased—but that the Defendants nevertheless refused to acknowledge that loss or reimburse him for it through the grievance system.

Mack brings constitutional claims based on the loss and/or destruction of his property pursuant to 42 U.S.C. § 1983, and the Defendants' handling of grievances he filed related to those losses. He describes these claims as "Malicious Retaliation in Violation of the Fourth and Fourteenth Amendments" and "Failure to Intervene." (Compl. at 7-8.) He adds that policy makers within the DOC "repeatedly failed to make any meaningful investigation into details regarding [his] missing, lost or destroyed personal properties" or take any other remedial action.[3] (*Id.* ¶ 33.) Mack seeks damages on his claims. (*Id.* ¶ 35.)

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires the Court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). Another provision of the PLRA requires the Court,

---

[3] Mack also alleges that Defendants "initiated or continued proceedings against [him] without cause, with malice or specific intent to injure and the proceedings ultimately terminated [his] personal properties without cause." (Am. Compl. ¶ 34.) It is not clear what Mack means by this allegation or what "proceedings" were brought against him. He seems to be referring to the grievance proceedings discussed earlier in his allegations that resolved against him. To the extent he refers to other "proceedings," his allegation is undeveloped and does not state a claim.

whether on its own or pursuant to a motion, to "dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). Whether a complaint states a claim requires the Court to consider whether the complaint presents "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in Mack's Amended Complaint as true, draw all reasonable inferences in his favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

As noted, Mack brings claims pursuant to 42 U.S.C. § 1983 based on the loss and/or confiscation of his property and the Defendants' handling of grievances he filed pertaining to his lost property. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must describe how each defendant was personally involved in the alleged constitutional violations to state a claim against that defendant. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (noting that "[a] defendant in a civil rights

action must have personal involvement in the alleged wrongs" to be liable). For the following reasons, Mack has not alleged a plausible constitutional claim.

**A. Claims Based on Lost or Destroyed Property**

As previously explained, *see Mack*, 2026 WL 2273111, at *2, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property," *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Further, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), and a correctional facility's grievance procedure provides an adequate postdeprivation remedy for intentional deprivations of property by correctional employees, *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison grievance system provides adequate postdeprivation remedy); *see also Mbewe v. Delbalso*, No. 23-2054, 2024 WL 510500, at *3 (3d Cir. Feb. 9, 2024) (*per curiam*) (affirming dismissal of due process claim: "The prison grievance procedure provides an adequate post-deprivation remedy, and the existence of this post-deprivation remedy forecloses [plaintiff's] due process deprivation of property claim" (citation omitted)); *Ransome v. Longstreth*, No. 23-1726, 2023 WL 6122139, at *2 (3d Cir. Sept. 19, 2023) (*per curiam*) (existence of prison grievance process precluded due process claim, even where prisoner alleged violations of the grievance policy). "Even if the prison grievance procedures could be considered constitutionally inadequate, Pennsylvania's state tort law would provide an adequate remedy." *Hernandez v. Corr. Emergency Response Team*, 771 F. App'x 143, 145 (3d Cir. 2019) (*per curiam*) (citing 42 Pa. Cons. Stat. Ann. § 8522(b)(3)); *see also Lawson v. Ferguson*, No. 22-2365, 2023 WL 2770820, at *3 n.3 (3d Cir. Apr. 4, 2023) (*per curiam*) ("Even if the prison's grievance procedures were inadequate to

address Lawson's claims, state tort law could serve as an adequate post-deprivation remedy."). Accordingly, Mack cannot state a due process claim based on the deprivation of his property during his incarceration at SCI Phoenix. Nor are these claims cognizable under another constitutional theory. *See Mayo v. Corr. Emergency Response Team*, No. 18-4390, 2018 WL 6524247, at *3 (E.D. Pa. Dec. 12, 2018) (rejecting property-based claims under various constitutional provisions). In any event, the Amended Complaint does not allege that any of the Defendants were personally responsible for the loss or destruction of his property, which is another reason these claims are not plausible.[4]

**B. Claims Based on Handling of Grievances**

Mack also appears to claim that his constitutional rights were violated when the Defendants rejected his grievances about lost property despite the receipts and evidence Mack provided in support. Since "[p]rison inmates do not have a constitutionally protected right to a grievance process," Mack cannot state a constitutional claim based on his allegations about the inadequacies in or failures of the grievance process. *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*) (citation omitted); *see also Woods v. First Corr. Med. Inc.*, 446 F. App' x 400, 403 (3d Cir. 2011) (*per curiam*) ("[B]ecause a prisoner has no free-standing constitutional right to an effective grievance process, [a prisoner] cannot maintain a constitutional claim . . . based upon his perception that [the defendant] ignored and/or failed to

---

[4] To the extent the Amended Complaint could be construed to raise a Fourth Amendment claim against Defendants Blum and Harris for searching Mack's cell on May 31, 2024, any such claim is not plausible because "the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." *Hudson*, 468 U.S. at 530; *Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) ("The Supreme Court has concluded that the Fourth Amendment right to privacy, to be free from unreasonable searches, is fundamentally inconsistent with incarceration." (citing *Hudson*, 468 U.S. at 527)).

properly investigate his grievances." (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991))); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate." (citation omitted)); *Burks-Bey v. Stevenson*, 328 F. Supp. 2d 928, 938 (N.D. Ind. 2004) (holding that "being lied to" in the course of grievance proceedings does not state a constitutional claim). For these reasons, Mack cannot state a plausible claim based on the alleged mishandling of his grievances.

**C. Retaliation Claims**

Although unclear, it is also possible that Mack is bringing a retaliation claim. To state a plausible First Amendment retaliation claim, a prisoner must allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Watson v. Rozum*, 834 F.3d 417, 422-23 (3d Cir. 2016). Mack alleges that the Defendants destroyed his property and misrepresented facts when handling his grievances "to make their retaliatory case against [him]." (Am. Comp. ¶ 1.) However, he alleges no facts suggesting that the acts complained of stemmed from a desire of any of the Defendants to retaliate against him for (unspecified) constitutionally protected conduct. In other words, to the extent he pursues a retaliation claim, it is entirely conclusory and is not plausible for that reason. *See, e.g.*, *Oliver v. Roquet*, 858 F.3d 180, 195 (3d Cir. 2017) ("Absent supporting facts that make it reasonable to draw an inference of retaliation, these conclusory assertions of a cause-and-effect relationship between specific protected activities and a later adverse action are insufficient to plead causation."); *Fritz v. County of Westmoreland*, No.

22-2999, 2024 WL 808970, at *3 (3d Cir. Feb. 27, 2024) (affirming dismissal of First Amendment retaliation claim where plaintiff's allegations were conclusory and speculative).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Amended Complaint because Mack has not alleged a plausible constitutional violation. Mack will not be granted further leave to amend because the Court concludes that amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that amendment by a *pro se* litigant would be futile when litigant "already had two chances to tell his story"). An order follows, which dismisses this case. *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

*/s/ John Milton Younge*

**JOHN MILTON YOUNGE, J.**